IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CENTRAL MUTUAL INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>SUSTAINABLE SOURCING, LLC, BRANDSTORM, INC., BRANDSTORM HBC, INC., AND THIERRY OLLIVIER,<br><br>        Defendants. | CIVIL ACTION NO.: 15-cv-12833 |

## **COMPLAINT FOR DECLARATORY RELIEF**

Central Mutual Insurance Company brings this Complaint for Declaratory Relief seeking a determination of its rights and responsibilities under an Industrial Processing Policy issued to Sustainable Sourcing, LLC.

## **THE PARTIES**

1. The plaintiff, Central Mutual Insurance Company, is an insurance carrier duly authorized at all relevant times to engage in the business of insurance in the Commonwealth of Massachusetts, and maintains a principal place of business in Van Wert, Ohio.

2. Sustainable Sourcing, LLC is a Massachusetts limited liability company with a principal place of business in Sheffield, Massachusetts.

3. Upon information and belief, Brandstorm, Inc. is a corporation organized under the laws of the State of California, with a principal place of business at 7535 Woodman Place, Van Nuys, California.

4. Upon information and belief, Brandstorm HBC, Inc. is a corporation organized under the laws of the State of California, with a principal place of business at 7535 Woodman Place, Van Nuys, California.

5. Upon information and belief, Thierry Ollivier is an individual residing in California and the founder, President, Chief Executive Officer and registered agent of Brandstorm and Brandstorm HBC.

## JURISDICTION & VENUE

6. Jurisdiction of this Court is invoked under 28 U.S.C. § 1332(a).  Diversity of citizenship exists and a liability claim has been asserted by defendant Brandstorm, Inc. against Sustainable seeking damages that likely exceed $75,000.

7. Venue herein is proper under 28 U.S.C. § 1391(b).

## MATERIAL FACTS

8. Central provided Sustainable with insurance policy number CLP 9594603, in effect from January 25, 2014, to January 25, 2015 (the "policy").

9. The policy provides, in relevant part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

* * * *

**SECTION I – COVERAGES**

* * * *

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for

"personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** — Limits Of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages **A** and **B**.

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

\* \* \* \*

**2. Exclusions**

\* \* \* \*

**b. Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

**c. Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

\* \* \* \*

**g. Quality Or Performance Of Goods — Failure To Conform To Statements**

-3-

> "Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".
>
> * * * *
>
> **i.  Infringement Of Copyright, Patent, Trademark Or Trade Secret**
>
> "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".
>
> However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.
>
> * * * *

## SECTION V — DEFINITIONS

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

    **a.** Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    **b.** Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

    * * * *

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    * * * *

    **f.** The use of another's advertising idea in your "advertisement"; or

    **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

-4-

\* \* \* \*

10. A true, accurate and complete copy of the Policy is attached hereto as Exhibit A, and incorporated by reference as if fully set forth herein.

11. On or about December 1, 2014, the Brandstorm entities filed a counterclaim in the civil action entitled <u>Sustainable Sourcing, LLC v. Brandstorm, Inc., Brandstorm, HBC, Inc., and Thierry Ollivier</u>, C.A. No. 3:12-cv-30093 (hereinafter the "Counterclaim in the Underlying Action").

12. A true, accurate and complete copy of the Counterclaim in the Underlying Action is attached hereto as Exhibit B, and incorporated by reference as if fully set forth herein.

13. A true, accurate and complete copy of the Complaint filed by Sustainable in the Underlying is attached hereto as Exhibit C, and incorporated by reference as if fully set forth herein.

14. The Counterclaim in the Underlying Action alleges that Sustainable and Brandstorm are direct competitors in the manufacture and sale of pink salt and other products.

15. The Counterclaim in the Underlying Action alleges that Brandstorm holds trademarks for "Himalania Pink Salt From The Himalayas", which it has used in interstate commerce since at least 2004, and "Himalania", which it has used in interstate commerce since at least 2005.

16. The Counterclaim in the Underlying Action alleges that Sustainable sells a brand of pink salt called "HimalaSalt" but does not have a trademark for that name.

17. The Counterclaim in the Underlying Action alleges that the trademarks "Himalania" and "HimalaSalt" are nearly indistinguishable.

18. The Counterclaim in the Underlying Action alleges that Sustainable's use of "HimalaSalt" is likely to confuse confusion between it and Brandstorm's salt products among prospective purchasers.

19. The Counterclaim in the Underlying Action alleges that Brandstorm has used a unique trade dress in connection with its sale of pink salt, including a block-print serif font, a pink/coral and gray color scheme, a jagged peak logo, and a mountain motif.

20. The Counterclaim in the Underlying Action alleges that Brandstorm has developed enforceable rights in that trade dress at common law as a result of its longstanding and continuous use of said trade dress.

21. The Counterclaim in the Underlying Action alleges that Sustainable recently began utilizing trade dress which emulates that used by Brandstorm.

22. The Counterclaim in the Underlying Action alleges that Sustainable's website calls its pink sale "The Purest Salt On Earth" but its marketing materials do not disclose test results which certify that Sustainable's salt is "The Purest Salt On Earth" and demonstrably purer than Brandstorm's and all other salt.

23. The Counterclaim in the Underlying Action alleges that Sustainable's advertising is literally false.

24. The Counterclaim in the Underlying Action alleges that Sustainable's advertising has a strong tendency to mislead the public into believing that its salt is purer than competing brands, including that sold by Brandstorm.

25. Sustainable tendered the defense of the Counterclaim in the Underlying Action to Central.

26.     Sustainable is defending Sustainable in the Underlying Action subject to a reservation of rights.

## CLAIMS FOR DECLARATORY RELIEF

27.     Central hereby re-alleges and incorporates Paragraphs 1 through 27 as if fully set forth herein.

28.     Central owes no duty to defend or indemnify Sustainable because Sustainable's first publication of the allegedly infringing material took place prior to the Central policy period.

29.     Central owes no duty to defend or indemnify Sustainable because the policy does not cover the alleged failure of Sustainable's goods, products or services to conform with any statement of quality or performance made in its "advertisement" regarding its pink salt products.

30.     Central owes no duty to defend or indemnify Sustainable because the policy provides no coverage for damages arising out of Sustainable's alleged infringement of trademarks for "Himalania" by using the term "HimalaSalt."

## PRAYERS FOR RELIEF

WHEREFORE, Central requests the Court:

a.     enter judgment declaring that Central owes no duty to defend or indemnify Sustainable because Sustainable's first publication of the allegedly infringing material took place prior to the Central policy period;

b.     enter judgment declaring that Central owes no duty to defend or indemnify Sustainable because the policy does not cover the alleged failure of Sustainable's goods, products or services to conform with any statement of quality or performance made in its "advertisement" regarding its pink salt products;

-8-

    c.    enter judgment declaring that Central does no duty to defend or indemnify Sustainable because the policy provides no coverage for damages arising out of Sustainable's alleged infringement of trademarks for "Himalania" by using the term "HimalaSalt"; and

    d.    grant such other relief that this Court deems just and proper.

Respectfully submitted,
CENTRAL MUTUAL INSURANCE COMPANY,
By its attorneys,

**MORRISON MAHONEY LLP**

*/s/ William A. Schneider*

William A. Schneider, BBO #636421
Thomas M. Prokop, BBO #660362
250 Summer Street
Boston, MA  02210
Tel: (617) 439-7573
Fax: (617) 342-4951
wschneider@morrisonmahoney.com
tprokop@morrisonmahoney.com

Dated:  June 26, 2015